IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                 Plaintiff,         )
                                    )
     v.                             )      No.  06 C 5089
                                    )
HARVEY L. TEICHMAN, et al.,         )
                                    )
                 Defendants.        )

MEMORANDUM ORDER

In this action by the United States to recover income taxes
assertedly due from taxpayers Harvey and Elaine Teichman
(collectively "Teichmans"), U.S. Bank ("Bank") as trustee of an
Illinois land trust known as Trust LT 86-043 is essentially a
nominal defendant--the trust's subject matter is Teichmans'
residence, commonly known as 1986 Fairway Court, Hoffman Estates,
Illinois, in which Bank has both the legal and the equitable
title.  Under Illinois land trust law, that ownership is naked
indeed:  Teichmans are entitled to the earnings, avails and
proceeds of the property (a right that obviously has more day-to-
day meaning as to commercial property than as to a residence),
and they also have the sole power of direction to Bank as Trustee
to deal with the real estate.

To enable Bank to disengage itself from further active
participation in this litigation, the United States and Bank have
entered into a Stipulation containing these substantive
provisions:

4. U.S. Bank has agreed to convey title to the real property described above by Trustee's Deed to the purchaser of the Teichmans' property pursuant to any judicial sale conducted pursuant to this lawsuit.

5. The parties further stipulate that U.S. Bank will continue to receive notice of proceedings in this case but will not be required to appear at future hearings, participate in discovery, or engage in any defense in this action.

In response to this Court's inquiry as to whether Teichmans see any problem with the Stipulation, their counsel has just filed objections that this Court finds to be nothing more than obstructionist in nature--indeed, in a way they run counter to Teichmans' educated self-interest.

As is universally the case with land trust agreements entered into with financial institutions as trustees, Bank is entitled to reimbursement from the Teichmans as beneficiaries for attorneys' fees or other litigation expenses (Objection ¶3). And the Stipulation, by rendering Bank a wholly passive participant in this action except for the possible future conveyance to a purchaser at any judicial sale, clearly minimizes Teichmans' exposure to such expenses. Yet Objection ¶¶10-16 ring the changes on a set of hypotheticals that appear to raise potential problems in a manner that is quite unjustified by the simple Stipulation and that would potentially pit Teichmans against Bank.

If Teichmans do wish to knock figurative heads with Bank as their land trustee, in addition to having to litigate their

underlying dispute with the government, they may of course do so--but that possibility does not affect the already-executed Stipulation. Indeed, before any such combative stance is taken, Teichmans' counsel might do well to consult scripture--in this instance Matthew 7:3:

> And why beholdest thou the mote that is in thy brother's eye, but considerest not the beam that is in thine own eye?

_____
Milton I. Shadur
Senior United States District Judge

Date: September 7, 2007